UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FEIN, SUCH, KAHN & SHEPARD, PC**
Counsellors at Law
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION
JILL A. MANZO, ESQ.
297GSU
bankruptcy@feinsuch.com

In Re:

CHRISTOPHER BRADY

 Debtor(s).

Case No.: 19-11703 MBK

Chapter: 13

Judge: Honorable Michael B. Kaplan

Hearing Date: May 28, 2019

**ATTORNEY CERTIFICATION IN SUPPORT OF MOTION FOR ORDER ALLOWING LATE PROOF OF CLAIM**

I, JILL A. MANZO, ESQ. , hereby depose and say:

1.   I am an attorney associated with Fein, Such, Kahn & Shepard, PC, attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ("Secured Creditor" or "Movant" herein) and I am fully familiar with the facts of this case.

2.   The instant bankruptcy petition was filed on 04/16/19. The deadline to file a Proof of Claim was 04/08/19.  A copy of the proof of claim is attached hereto as Exhibit A.

3.   Secured Creditor seeks the late filed proof of claim be allowed and the Standing Chapter 13 Trustee be permitted to make disbursements on said claim.

4.   A bar date does not "function merely as a procedural

gauntlet," ...but as an integral part of the reorganization process. *First Fidelity Bank, N.A. v. Hooker Inves., Inc. (In re Hooker Inves.)*, 937 F.2d 833, 840 (2d Cir. 1991). Secured Creditor does not desire to delay administration of the Chapter 13 bankruptcy case. Further, if the claim is allowed, the Debtor(s) shall retain the right to file an objection to the claim subject to D.N.J. LBR 3007-1.

5.    A claim exists whether or not a proof of claim is filed. Filing is required only to permit a creditor's participation in the case. *Grynberg v. United States (In re Grynberg)*, 986 F.2d 367, 371 (10th Cir. 1993). With respect to secured claims, "Ordinarily, liens and other secured interests survive bankruptcy." *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991). "Because an unchallenged lien survives the discharge of the debtor in bankruptcy, a lienholder need not file a proof of claim under section 501." *Folendore v. SBA (In re Folendore)*, 862 F.2d 1537, 1539 (11th Cir. 1989). Therefore, it is in the parties' best interests to allow the filing of the late proof of claim and permit the Standing Chapter 13 Trustee to make disbursements.

6.    Courts are permitted to accept late [or amended] filings caused by inadvertence, mistake, or carelessness, not just by intervening circumstances beyond the party's control. FRBP 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 113 S. Ct. 1489 (1993).

7.    In making this equitable determination, courts should consider (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. at 1498; *Agribank v. Green*, 188 B.R. 982, 989 (C.D. Ill. 1995).

8.    The proof of claim was filed tardy or late due to delays in the accumulation of documents (i.e., assignments, endorsed notes, recorded mortgage, loan documents, etc.) and the verification process including the preparation and review of detailed breakdowns in support of the claim.

9.    For the aformentioned reasons, Secured Creditor requests the late filed proof of claim be allowed and the Standing Chapter 13 Trustee be permitted to make disbursements on the claim.  Provided the Debtor(s) maintain regular post petition mortgage payments throughout the bankruptcy case, the payment of the proof of claim would allow the account to be rendered contractually current at the conclusion of the case.

10.  I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 18, 2019          **FEIN, SUCH, KAHN & SHEPARD, PC**
                               Attorneys for Secured Creditor,
                               JPMORGAN CHASE BANK, NATIONAL
                               ASSOCIATION


                                  /S/ JILL A. MANZO
                               JILL A. MANZO, ESQ.